UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TORIANO ROBY, <br><br> Petitioner, <br><br> v. <br><br> WARDEN, <br><br> Respondent. | CAUSE NO. 3:21-CV-929-MGG |

OPINION AND ORDER

Toriano Roby, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (MCF-20-12-68) at the Miami Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of possessing a controlled substance in violation of Indiana Department of Correction Offense 202. Following a hearing, he was sanctioned with the loss of ninety days credit time and a demotion in credit class.

Roby argues that he is entitled to habeas relief because the hearing officer denied him the right to present a written statement from Inmate Tomlin in which he claimed ownership of the cellular device. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Id.* Contrary

to Roby's assertion, Inmate Tomlin's statement is included in the administrative record. ECF 9-8. In the hearing report, the hearing officer indicated that she considered evidence from witnesses in addition to the Roby's statement and staff reports and reaffirmed that she considered the entire administrative record in a declaration.[1] ECF 9-7; ECF 9-9. Because correctional staff did not prevent Roby from presenting Inmate Tomlin's witness statement, this claim is not a basis for habeas relief.

Roby argues that he is entitled to habeas relief because the hearing officer was not an impartial decisionmaker. He maintains that the hearing officer demonstrated bias by obtaining a witness statement from the wrong inmate and by declining to consider Inmate Tomlin's statement. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decision-maker in the case. *Id.* The administrative record contains a statement from Inmate Tomlin indicating ownership of the controlled substance and the coat in which it was found. ECF 9-8 at 2. It also contains a document indicating that the hearing officer attempted to obtain a second statement from Inmate Tomlin but that he merely responded, "No comment." ECF 9-8 at 3.

---

[1] Roby's arguments imply that the hearing officer could not have found him guilty if she had considered Inmate Tomlin's first statement, but this line of reasoning is faulty for two reasons. The hearing officer may have considered Inmate Tomlin's first statement but simply declined to credit it. Alternatively, the hearing officer would have been able to find Roby guilty even crediting Inmate Tomlin's first statement as Roby conceded that he "possessed" the controlled substances as defined by departmental policy. ECF 9-12 at 6 (defining "possession" as "on one's person, in one's quarters, in one's locker or under one's physical control").

Roby does not explain why he believes that the hearing officer spoke with the wrong inmate in attempting to obtain the second statement other than what appears to be a clerical error with respect to Inmate Tomlin's cell location. Even assuming that the hearing officer made such a mistake, it is unclear how it would amount to bias or would otherwise have any effect on the decision, particularly given the prior inclusion of an exculpatory statement from Inmate Tomlin in the administrative record and the minimal probative value provided by the unsuccessful attempt to obtain a second one. Further, though the hearing officer ultimately found Roby guilty, adverse rulings alone are insufficient to demonstrate improper bias. *Thomas v. Reese*, 787 F.3d 845, 849 (7th Cir. 2015). As a result, the claim of improper bias is not a basis for habeas relief.

If Roby wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Toriano Roby leave to proceed in forma pauperis on appeal.

SO ORDERED on April 5, 2022

                                                                                                  s/ Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge